116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gene M. AUSTON, Plaintiff-Appellant,
v.
STATE of North Carolina, Defendant-Appellee.
 No. 96-1158.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 5, 1997.*
Decided June 5, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 96 C 113; James H. Alesia, Judge.
 Before CUMMINGS, BAUER, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Gene Auston, a retired United States Army captain, filed suit against the State of North Carolina demanding $200 million in damages for terminating his parental rights and granting the adoption of his two minor children without providing him notice or due process in violation of 42 U.S.C. § 1983 and in violation of the Soldiers' and Sailors' Civil Relief Act of 1940, 10 U.S.C. 50 App. § 501, et seq. Because the district court found that the Eleventh Amendment barred Auston's damages claim against North Carolina, it dismissed his complaint. On appeal Auston contends that the dismissal was improper and that the district court erred in refusing to consolidate and remove the North Carolina state actions to federal court in the Northern District of Illinois. Because the State of North Carolina is immune from Auston's damages claim, and because Auston's removal motion lacks merit, we affirm.
 
 
 2
 While Captain Auston was in active military service, his former wife instituted state court proceedings in North Carolina to terminate his parental rights and to provide for the adoption of their two children. Auston claims that his children were abducted by their mother and that he was uninformed of their location until after the North Carolina courts granted his former wife's petitions. Auston first sought relief in state court by filing an emergency motion to vacate the state court judgments. Prior to the state court hearing on his emergency motion, he filed this damages claim arguing that the state court proceedings violated his right to due process as protected by the Fourteenth Amendment and 42 U.S.C. § 1983, as well as his rights protected by the Soldiers' and Sailors' Civil Relief Act.[1] He further sought to consolidate and remove the North Carolina proceedings to the district court for Northern District of Illinois pursuant to 28 U.S.C. §§ 1441(a) or 1442(a).
 
 
 3
 Although Auston's damage claim purportedly invoked the district court's jurisdiction by asserting violations of the Due Process Clause and of the Soldiers' Act, the district court dismissed these claims for lack of jurisdiction because it found that the State of North Carolina was immune from Auston's damages claims under the Eleventh Amendment. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Auston argues that the Eleventh Amendment is not applicable to his suit because he is not an ordinary state citizen but rather, as a United States naval officer, he is an extension of the United States government. In support of his argument he points to United States v. Sullivan, 395 U.S. 169 (1969), where the United States brought an action against a state tax commissioner to challenge the imposition of a state's sales and use tax on United States military personnel. Based on Sullivan, Auston argues that Eleventh Amendment immunity does not apply because the United States holds an interest in the subject matter of his suit. Auston's reliance on Sullivan is misplaced. First, Auston is seeking money damages rather than declaratory relief as in Sullivan, and thus, he cannot escape the Eleventh Amendment bar based on the exception recognized in Ex Parte Young, 209 U.S. 123, 159-60 (1908). Moreover, unlike Sullivan, the United States did not file a petition on behalf of Auston or otherwise assert an interest in the state proceedings at issue here due to Auston's status as a Navy officer. Auston suggests that the United States' interest or participation as a plaintiff (and thus that we should construe Auston's suit as being brought by the United States rather than by a private citizen) arises from the protections afforded active military personnel by the Soldier's Act. Notably, Auston has not cited any cases supporting this argument. Indeed, we have found no cases suggesting that the Soldiers' Act entitles military personnel to avoid the jurisdictional consequences of the Eleventh Amendment by modifying their status as state citizens. To the contrary, the Supreme Court has stated that a person covered by the Act "shall not be deemed to have lost his residence or domicile in his home State." Sullivan, 395 U.S. at 174. Hence, we reject Auston's argument that as a Naval officer he is an extension of the United State's government and thus not barred by the Eleventh Amendment.
 
 
 4
 In addition to the Eleventh Amendment hurdle, the district court lacked jurisdiction over Auston's § 1983 suit because the state of North Carolina is not a proper "person" against whom a § 1983 action may be brought.[2] See Will v. Michigan Dept. of State Police, 491 U.S. 58, 62-71 (1989) (holding that neither a State nor a state official acting in an official capacity is a "person" within the meaning of § 1983); Alabama v. Pugh, 438 U.S. 781 (1978). Finally, Auston's § 1983 claim is barred by the Rooker-Feldman doctrine. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). "At its core, the doctrine is a recognition of the principle that the inferior federal courts generally do not have the power to exercise appellate review over state court decisions." Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 509 (7th Cir.1996), cert. denied, 117 S.Ct. 1569 (1997). "As a result, litigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court." Young v. Murphy, 90 F.3d 1225, 1230 (7th Cir.1996). Indeed, it "is settled that 'a plaintiff may not seek reversal of a state court judgment simply by casting his complaint in the form of a civil rights actions.' " Ritter v. Ross, 992 F.2d 750, 754 (7th Cir.1993) (citation omitted), cert. denied, 510 U.S. 1046 (1994).
 
 
 5
 Finally, the district court correctly denied Auston's removal motion. Auston is not entitled to remove the parental rights and adoption proceedings pursuant to § 1442 because those state court proceedings were not brought against him in his official capacity as a person acting under color of law of his office as a naval captain. See 28 U.S.C. § 1442(a). His attempt to remove the state court proceedings pursuant to § 1441(a) also fails because the district court in the Northern District ofIllinois was not the proper forum for this motion. See 28 U.S.C. §§ 1441(a), 1446(a).[3]
 
 
 6
 For the foregoing reasons, we AFFIRM the judgment of the district court dismissing Auston's suit for lack ofjurisdiction, and denying his removal motion.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir. R. 34(f)
 
 
 [1]
 The Soliers' and Sailors' Civil Relief Act of 1940 entitles a member of the armed forces to a stay of legal proceedings to which he is a party while he is on active duty, unless the judge decides that the serviceman's litigation prospects are not materially affected by his service status. See 50 App. U.S.C. § 521. The purpose of the stay is "to enable [military personnel] to devote their entire energy to the defense needs of the Nation." Id. § 510. Although Austen's § 1983 claim is purportedly based on this Act, he did not request that the district court or this court stay the state court proceedings. Hence, unlike in Boone v. Lightner, 319 U.S. 561 (1943), one of the cases upon which Auston relies, we are not called upon to decide whether the state court refused to vacate the judgment or grant a stay under circumstances which denied Auston's rights under the Act
 
 
 [2]
 Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color or any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...."
 
 
 [3]
 Even if Auston had properly filed his removal motion in the district court in North Carolina, such a motion would have allowed removal to the "district court of the United States for the district and division embracing the place where such action is pending." § 1441(a). Thus, if removable at all, the state actions at issue here would have been removed to a federal district court in North Carolina not Illinois. To accomplish his ultimate goal, Auston would then have been required to file a motion to transfer the action to Illinois pursuant to 28 U.S.C. § 1404(a) (providing for a change of venue if: (1) venue was proper in the transferor district, (2) venue and jurisdiction were proper in the transferee district, and (3) the transfer would serve the convenience of the parties, the witnesses, and the interests of justice). Again, the district court in North Carolina was the proper forum for presenting this motion, not the district court in Illinois