**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 24, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALI S. ZAZA,

Plaintiff - Appellant,

v.

MEDICAID, State of Oklahoma,

Defendant - Appellee.

No. 10-6001

(W.D. Oklahoma)

(D.C. No. 5:09-cv-01343-R)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

After examining the appellant's brief and the record on appeal, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Ali Zaza appeals an order of the district court dismissing his suit against State of Oklahoma Medicaid. In his complaint, Zaza asserted State of Oklahoma Medicaid wrongfully refused to cover medical expenses incurred by Zaza's

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

patients in 2007. Noting that State of Oklahoma Medicaid is an arm of the State of Oklahoma and that Zaza's complaint was limited to a request for recovery of money, the district court dismissed the complaint sua sponte as barred by the Eleventh Amendment. *Reams v. Okla. ex rel. Okla. Health Care Auth.*, 411 F.3d 1164, 1166 (10th Cir. 2005).

On appeal, Zaza does not directly address the district court's conclusion that the suit is barred by the Eleventh Amendment. Instead, he merely asserts he was entitled to extra time to file his Medicaid reimbursement forms because he was deployed in Iraq with the United States Army. *See* Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. app. § 501, *et seq*. To the extent Zaza is arguing the Soldiers' and Sailors' Civil Relief Act waives Oklahoma's Eleventh Amendment immunity, he has not cited any authority supporting such a position.[1] Nor has this court found any such authority. Instead, the only court that appears to have addressed this question concluded the Act did not operate as a waiver of Eleventh Amendment immunity. *Auston v. North Carolina*, No. 96-1158, 1997 WL 312285, at *1 (7th Cir. June 5, 1997) (unpublished disposition) ("[W]e have found no cases suggesting that the Soldiers' Act entitles military personnel to avoid the jurisdictional consequences of the Eleventh Amendment.").

---

[1] Although Zaza did not raise the Soldiers' and Sailors' Civil Relief Act below, we consider it appropriate to address this question in light of the district court's sua sponte dismissal of Zaza's complaint.

Because Zaza sued the State of Oklahoma for money damages, his claim is barred by the Eleventh Amendment. *Reams*, 411 F.3d at 1166. Accordingly, this court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRMS** the district court's order of dismissal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge